Carroll,
No. 6215.

STATE

*v.*

ROBERT GARLAND.

June 30, 1971.

*Warren B. Rudman*, Attorney General, and *Henry F. Spaloss*, Assistant Attorney General ( *Mr. Spaloss* orally ), for the State of New Hampshire.

*Alfred Catalfo, Jr.* ( by brief ) for the defendant.

GRIMES, J. Defendant was indicted for two felonies involving marijuana: one for possession of over one pound under RSA 318-B:26 ( I ) ( c ) ( supp. ) and one for conspiracy to violate the Controlled Drug Act ( RSA 318-B:26( III ) ( supp. )). At the time assigned for trial, he filed a motion under RSA 172:13( II-a,-b ) ( supp. ) claiming to be a drug dependent and requesting commitment to the care and custody of the executive director of the program on alcohol and drug abuse for a period of not more than twenty-four months if he is found to be drug dependent and that no further action be taken with respect to the indictments.

After hearing, *Grant*, J. denied the motion and transferred the exception of the defendant who claims the denial constituted an abuse of discretion on the part of the trial judge.

RSA 172:13 ( II-a ) ( supp. ) provides in part that " When a person is indicted for any felony . . . and a question as to the drug dependency of said person is raised by either party, any justice of the superior . . . court may after hearing, order such person into the care and custody of the executive director of the program on alcohol and drug abuse for examination to determine whether said person is drug dependent. The executive director shall report the result of his findings to the court in writing. "

Subsection II-b provides that if a person examined under subsection II-a is found to be drug dependent, the superior court " may, after hearing, without regard to the result of the criminal action, issue an order committing said person to the care and custody of the executive director . . . for a period of not more than twenty-four months. " It is further provided that during treatment no further action shall be taken in respect to the criminal

charges unless otherwise ordered by the court. The executive director may require the person to remain at the "state hospital" or may release him conditionally for treatment outside the hospital.

RSA 172:13( II-a ) ( supp. ) does not require the trial judge to order a defendant into the care and custody of the executive director upon the mere raising of the question of drug dependency, otherwise there would be no reason to require a hearing before such an order is made. It does not require a finding that the defendant is in fact a drug dependent before he may be ordered into the director's custody. *Cf.* RSA 172:13( II ) ( supp. ). Subsection II-a leaves it to the discretion of the court whether to make the order, depending upon whether or not the evidence produced at the hearing raises sufficient question of the defendant's drug dependency to warrant the examination by the executive director.

At the hearing in this case, the defendant offered, besides his own, the testimony of his wife, a friend, and a local employee of the program on drug abuse. The latter was merely able to describe the program but had no information on defendant's history or condition. The defendant did not claim to be dependent on heroin, although he claims to have taken it "a couple of times", but he, his wife and his friend testified to his use of marijuana. Although the defendant and his friend testified to defendant's extensive use of drugs, his wife testified to seeing him use marijuana two to three dozen times in two years of marriage and had "not very often" seen him consume any kind of pill. Defendant testified that during the winter before the hearing which was in October, he had been able to stay off drugs for four months. We see no need to further review the evidence in detail, but it is sufficient to say that, although it would support an order for examination under the statute, it did not require one.

The trial judge heard and saw the witnesses and from his statements made during the course of argument by counsel, it appears that he did not believe all of the testimony. We cannot say that his refusal to order an examination of the defendant constituted an abuse of the discretion given by him by the statute.

*Exceptions overruled.*

All concurred.